# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHELDON F. GOLDBERG, et al., | Case No. 2:17-CV-2106 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| JACK BARRECA, et al., | |
| Defendant(s). | |

Presently before the court is a motion for a preliminary injunction and appointment of receiver or trustee filed by plaintiffs Sheldon F. Goldberg, Barbara A. Goldberg, and Beneficial Innovations, Inc. (ECF No. 5). Plaintiffs request this court to enjoin the defendants from their continued involvement in an alleged fraudulent business operation involving a margarita product. *Id.* Plaintiffs further request this court to appoint a receiver or trustee—namely, plaintiff Sheldon Goldberg himself—to take over control of the margarita product venture. *Id.* The motion is denied in its entirety.

**I.     Facts**

This is a civil fraud and breach-of-contract case about margaritas. (ECF Nos. 1, 5). On August 4, 2017, plaintiffs filed a complaint against defendants in this court alleging nineteen causes of action. (ECF No. 1). On August 7, 2017, plaintiffs filed the instant motion for a preliminary injunction and for the appointment of a receiver or trustee. (ECF No. 5).[1]

In their motion, plaintiffs recite a detailed history of a business relationship between plaintiffs and defendants. In a nutshell, plaintiffs allege that they invested over $220,000 in a joint

---
[1] On the same day, plaintiffs moved for a preliminary injunction. (ECF No. 5). This order does not address that motion.

**James C. Mahan**
**U.S. District Judge**

business venture with defendants for the purpose of manufacturing and selling a margarita product with plans of creating a company for this purpose going forward. (ECF No. 5).

Plaintiffs allege that the defendants encouraged the plaintiffs to continue investing in the venture with assurances that the plaintiffs were considered partners and would reap a share in the profits from the sale of the product. However, plaintiffs allege that when the time to bottle the product drew near, defendants changed their position and indicated an intent to treat plaintiffs' investments as a simple loan and not share the profits. Plaintiffs allege that a distillery in Florida is ready to bottle the margarita product as soon as August 7, 2017, and that if this court allows the Florida distillery to release the bottled product to the defendants thereafter, the defendants will then sell the product and "take the money and run—perhaps even skip town ([defendant] Jack has no family in Las Vegas)." (ECF No. 5 at 2, 15–16). Plaintiffs allege that their investment is "tied up" in the margarita product and if this court "does not intervene, all will be lost," and ". . . the only major asset of the Partnership (the margarita product) would be gone." *Id.* at 15. Further, plaintiffs allege that the defendants intend to "traffic liquor" in violation of Nevada liquor law. *Id.* at 16. Furthermore, plaintiffs allege that allowing the defendants to receive the margarita product after bottling would mean that third parties "would likely get access to the margarita product and related intellectual property and trade secrets rightfully owned by the Partnership" of which the plaintiffs purport to be a part. *Id.* at 15.

Accordingly, in the present motion, the plaintiffs request that this court enter a twelve-paragraph order detailing the required and proscribed conduct of the defendants going forward in relation to this margarita product venture, including among other things, that the defendants "shall not in any manner sell, grant, transfer . . . or otherwise encumber . . . any product or other property attributable with any interest to . . . any or all of the Defendants, any or all of the Plaintiffs, the Partnership Agreement, and/or a partnership between [the parties] currently located at Florida Distillers' facilities"; that "Defendants shall allow product to be bottled by Caribbean Distillers . . . . ('Florida Distillers') . . . but any and all [of this product] . . . must remain and be stored at the Florida Distillers' facilities pending further order of the Court"; that defendants deposit into a trust account or with the court any proceeds from the sale of the margarita product; and that defendants

James C. Mahan
U.S. District Judge

- 2 -

shall somehow "allow" plaintiffs to enter the premises and facilities of the Florida Distillers—a non-party to this action. *Id.* at 13–14. Further, plaintiffs request that this court appoint one of the plaintiffs, Sheldon Goldberg, as either a receiver or trustee of the business venture. *Id.* at 24–26.

**II.     Legal Standard**

Federal Rule of Civil Procedure 65 allows a court to issue a preliminary injunction. The purpose of a preliminary injunction is to preserve a party's rights pending resolution of the merits of the case by the trial. *Big Country Foods, Inc. v. Board of Educ. of Anchorage School Dist., Anchorage, Alaska*, 868 F.2d 1085, 1087 (9th Cir. 1989). The grant or denial of a motion for a preliminary injunction is a matter of the district court's discretion. *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 174 (9th Cir. 1987). However, "[a] preliminary injunction is an extraordinary remedy never awarded as of right," *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008), and "will not be granted absent a showing of probable success on the merits and the possibility of irreparable injury should it not be granted," *Shelton v. Nat'l Collegiate Athletic Assoc.*, 539 F.2d 1197, 1199 (9th Cir. 1976).

A plaintiff seeking a preliminary injunction must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest. *Winter*, 555 U.S. at 20.

Additionally, post-*Winter*, the Ninth Circuit has maintained its serious-question and sliding-scale test. *See Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127 (9th Cir. 2011). "Under this approach, the elements of the preliminary injunction test are balanced, so that a stronger showing of one element may offset a weaker showing of another." *Id*. at 1131. "Serious questions going to the merits and a balance of hardships that tips sharply towards the plaintiff can support issuance of a preliminary injunction, so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id*. at 1135 (internal quotations marks omitted).

Finally, to obtain injunctive relief, plaintiffs must show themselves to be "under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent,

**James C. Mahan**
**U.S. District Judge**

not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Ctr. for Food Safety v. Vilsack*, 636 F.3d 1166, 1171 (9th Cir. 2011) (quoting *Summers v. Earth Island Inst.*, 555 U.S. 488 (2009)).

**III. Discussion**

    **A. Irreparable injury**

Plaintiffs have not convinced this court that the preliminary injunction requested would prevent immediate and irreparable injury.

Plaintiffs complain that failure to issue the requested preliminary injunction will result in the plaintiffs failing to realize a return on their investment as soon as they deserve. They argue that waiting for a money judgment would be an inadequate remedy because defendants are insolvent: "Upon information and belief, Defendants have nothing and what few assets they have are liquid." (ECF No. 5 at 16). But they admit that if the business venture is allowed to continue and "they sell the margarita product, they will have much more by way of liquid assets—i.e. cash." *Id.* Thus, given that the plaintiffs admit that the defendant will have "much more . . . cash" if the margarita business is allowed to continue uninterrupted, plaintiffs have failed to demonstrate that defendants will be insolvent and unable to satisfy a money judgment. Therefore, the financial hardship plaintiffs cite is not irreparable.

Plaintiffs further argue that they believe defendants will skip town with any proceeds from the venture only because Jack Barreca, one of the defendants, has no family in Las Vegas. *Id.* at 15. Yet plaintiffs provide no additional, specific facts demonstrating a likelihood that Mr. Barreca intends to "skip town." This allegation is purely conjectural and hypothetical and is thus inadequate for injunctive relief. *Ctr. for Food Safety*, 636 F.3d at 1171.

Plaintiffs also allege that allowing the defendants to continue operating the business might risk their intellectual property and trade secrets fallings into the wrong hands, but they provide no specific facts supporting this speculation of harm and therefore have not convinced this court that such injury is likely; this allegation is also overly conjectural and hypothetical. Moreover,

James C. Mahan
U.S. District Judge

- 4 -

plaintiffs have not convinced this court that a money judgment would not adequately redress this problem if it were to occur.

Therefore, this court finds that an award of damages in the form of a money judgment would be an adequate remedy for any of the alleged injuries that the defendants might cause in the absence of the requested preliminary injunction, and thus, plaintiffs have not established an irreparable injury.

### B. Balance of hardships

Plaintiffs have not convinced the court that the balance of hardships tips in their favor. Plaintiffs ask the court to halt a purportedly urgent and expensive business venture and to require a non-party to this action to keep an unknown quantity of margarita products on their property indefinitely. On one hand, such an extraordinary court intervention in private dealings would likely impose a heavy burden on the defendants, including financial loss, loss of goodwill, loss of property, and damage to the defendants' relationships with its customers. Moreover, plaintiffs' requested order—requiring all margarita products to "remain and be stored at the Florida Distillers' facilities pending further order of the Court"—appears as though it would produce a hardship on the Florida Distillers, an out-of-state, non-party to this action. (ECF No. 5 at 13). Such an order would require the Florida company to keep an untold quantity of products within its property for an indefinite period of time. *Id.* In any event, the plaintiffs have not established that the court has personal jurisdiction over this Florida-based third party necessary to bind it to this court's order and force it to comply with a preliminary injunction.

Furthermore, plaintiffs have not convinced this court that the lack of a preliminary injunction will cause them to suffer a greater hardship that a final judgment after trial cannot address. In a nutshell, the "hardship" plaintiffs allege that will result from a failure to issue a preliminary injunction is temporary economic loss. However, plaintiffs argue that they are likely to succeed on the merits of their causes of action and therefore are likely to obtain a money judgment in their favor, and they acknowledge that the defendants will not have insolvency problems if they are allowed to continue forward with the margarita product business. Therefore,

James C. Mahan
U.S. District Judge

- 5 -

this court finds that the balance of hardships tips heavily in favor of the defendants. *Winter*, 555 U.S. at 20.

### C. The public interest

For similar reasons, plaintiffs have not convinced this court that their requested preliminary injunction would advance the public interest. *See id.* The public interest is adequately served in this instance by the plaintiffs' purported right to pursue its claims against the defendants in the regular course of civil litigation. In contrast, the public interest in this case would be breached by this court's drastic intervention in private enterprise on the unsubstantiated allegations of the plaintiffs.

### D. Potential for success on the merits

Finally, given the inability of plaintiffs to establish that they will suffer immediate, irreparable injury if this motion is denied, that the balance of hardships tips heavily in favor of the defendants, and that the public interest would not be served by the requested relief, this court finds that whatever merit plaintiffs may have in their ability to demonstrate a likelihood of success on the merits does not, without more, warrant this court's intervention.

## IV. Conclusion

Plaintiffs have failed to demonstrate several required elements necessary for this court's extraordinary equitable intervention in the form of a preliminary injunction. Further, for the same reasons, this court declines to grant plaintiffs' request for an appointment of a receiver or trustee.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiffs' motion for a preliminary injunction and appointment or receiver or trustee (ECF No. 5) be, and the same hereby is, DENIED.

DATED August 10, 2017.

_____
UNITED STATES DISTRICT JUDGE