UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| SHELDON F. GOLDBERG, *et al.*, | |
| Plaintiffs, | 2:17-cv-02106-JCM-VCF |
| vs. | **REPORT AND RECOMMENDATION** |
| GIACOMO ("JACK") BARRECA, *et al.*, | MOTION TO STRIKE (ECF NO. 56) |
| Defendants. | |
| And all related actions. | |

Before the Court is Plaintiffs Sheldon F. Goldberg, Barbara A. Goldberg, and Beneficial Innovations, Inc.'s Motion to Strike Pleadings [ECF 17]. (ECF No. 56). For the reasons discussed below, Plaintiffs' motion should be granted in part.

On January 9, 2019, the Court granted the motion to withdraw of counsel for Defendants Giacomo ("Jack") Barreca; International Beverage, Ltd.; International Beverage Alliance, LLC of Nevada; and International Beverage Alliance, LLC of Colorado. (ECF No. 41). The Court ordered the three International Beverage Defendants to retain counsel by February 11, 2019, and warned that "[f]ailure to comply with this order may result in a recommendation to the District Judge for sanctions, including case-dispositive sanctions." (*Id.*). The Court held a status conference on February 19, 2019. (ECF No. 45). Counsel had not been retained by the International Beverage Defendants. (*Id.*). The Court gave Barreca until March 12, 2019 to retain counsel for the International Beverage Defendants. (*Id.*). Barreca did not retain counsel by the Court's deadline.

On April 26, 2019, Plaintiffs filed a motion to strike Defendants' answer to the amended complaint. (ECF No. 56). Plaintiff argued that the answer should be stricken for Barreca's failure to retain counsel for the International Beverage Defendants. (*Id.*). The Court held a hearing on May 9, 2019 regarding

other motions in the case. (ECF No. 59). The Court noted that a hearing for the motion to strike had been scheduled for June 3, 2019, and warned that "if Defense Counsel does not appear to argue that motion than the Court intends to grant it." (*Id.*). No Defense Counsel appeared at the June 3, 2019 hearing.

Because the International Beverage Defendants failed to retain counsel, despite the extended time to do so granted by the Court, the Court recommends that International Beverage, Ltd.; International Beverage Alliance, LLC of Nevada; and International Beverage Alliance, LLC of Colorado's Answer (ECF No. 17) be stricken. "Courts have inherent power in the interest of the orderly administration of justice and under Rule 41(b), FRCP, to dismiss for disobedience of its orders." *In re "Santa Barbara Like It Is Today" Copyright Infringement Litig.*, 94 F.R.D. 105, 108 (D. Nev. 1982). In addition, under LR 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion…constitutes a consent to the granting of the motion." Because Defendants failed to file a response to Plaintiffs' motion to strike, Defendants have consented to the Court granting the motion.

The Court notes that the answer was filed on behalf of all Defendants. Barreca is still a Defendant in this case, and is able to represent himself *pro se*. Therefore, ECF No. 17 should be stricken only in relation to the International Beverage Defendants. ECF No. 17 should remain in force as to Barreca.

Accordingly, and for good cause shown,

IT IS HEREBY RECOMMENDED that Plaintiff's Motion to Strike Pleadings [ECF 17] (ECF No. 56 be GRANTED IN PART.

IT IS RECOMMENDED that ECF No. 17 be stricken as to Defendants International Beverage, Ltd.; International Beverage Alliance, LLC of Nevada; and International Beverage Alliance, LLC of Colorado and remain in force as to Defendant Barreca.

**NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to LR IA 3-1, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. Failure to comply with this Rule may result in dismissal of the action.

IT IS SO RECOMMENDED.

DATED this 3rd day of June, 2019.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE