UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| SHELDON F. GOLDBERG, et al.,<br><br>Plaintiff(s),<br><br>v.<br><br>JACK BARRECA, et al.,<br><br>Defendant(s). | Case No. 2:17-CV-2106 JCM (VCF)<br><br>ORDER |

Presently before the court is *pro se* defendant Giacomo Barreca's ("Barreca") motion to dismiss. (ECF No. 49). Beneficial Innovations Inc., Barbara Goldberg, and Seldon Goldberg ("plaintiffs") filed a response. (ECF No. 53). Barreca did not reply, and the time to do so has passed.

Also before the court is Barreca's motion for summary judgment on his counterclaim. (ECF No. 50). Plaintiffs filed a response. (ECF No. 57). Barreca did not reply, and the time to do so has passed.

Also before the court is plaintiffs' motion to strike defendants International Beverage, LTD, a Nevada corporation; International Beverage Alliance, LLC, a Nevada limited-liability company; and International Beverage Alliance, LLC, a Colorado limited-liability company's (the "entity defendants") answer and counterclaim. (ECF No. 56). The entity defendants did not oppose the motion and did not appear at the motion hearing. (ECF Nos. 60; 61).

Also before the court is Magistrate Judge Ferenbach's report and recommendation ("R&R"). (ECF No. 60). No objections to the R&R were filed, and the time to do so has passed.

Also before the court is plaintiffs' motion for entry of clerk's default. (ECF No. 62).

**James C. Mahan**
**U.S. District Judge**

**I. Background**

The instant action arises from purported civil fraud and breach-of-contract pertaining to the development and marketing of a "unique margarita product," the "No Name Margarita." (ECF No. 1). In early April 2017, Barreca approached plaintiffs about his plan to create and sell No Name Margarita. (ECF No. 31-1). The record before the court is somewhat unclear with regards to Barreca's representations during his discussions with plaintiffs. However, in general terms, Barreca proposed that they should immediately begin working on No Name Margarita so that they could take the product to market in the upcoming summer season. *Id*.

On April 14, 2017, plaintiffs contracted with Barreca to develop No Name Margarita ("No Name agreement"). (ECF No. 31-2). The No Name agreement provided that plaintiffs would finance the venture with a loan in exchange for plaintiffs' expertise and operation of the business. *Id*. The terms of the loan required plaintiffs to lend an initial sum of $10,000 and cover all operational expenses for the months of April, May, and June. *Id*. The No Name agreement further provided that the loan would be allocated as a cost against Barreca's portion of the profits. *Id*.

No Name Margarita was a failure. (ECF Nos. 31, 33). Barreca eventually produced 5,000 cases but, though the record does not contain any financial figures, the parties have implied that the venture did not realize any meaningful profits. (ECF Nos. 31, 31-1, 33).

On August 4, 2017, plaintiffs initiated this action. (ECF No. 1). In their amended complaint, plaintiffs allege twenty causes of action. (ECF No. 9). On August 28, 2017, defendants filed an answer and counterclaim, alleging four counterclaims. (ECF No. 17). Plaintiffs moved to strike the defendants' answer and counterclaim. (ECF No. 56).

**II. Legal Standard**

This court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1).

James C. Mahan
U.S. District Judge

- 2 -

Where a party fails to object, however, the court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). Indeed, the Ninth Circuit has recognized that a district court is not required to review a magistrate judge's report and recommendation where no objections have been filed. *See United States v. Reyna-Tapia*, 328 F.3d 1114 (9th Cir. 2003) (disregarding the standard of review employed by the district court when reviewing a report and recommendation to which no objections were made).

### III. Discussion

#### A. *Report and recommendation, motion to strike, and motion for entry of clerk's default*

Judge Ferenbach recommends the entity defendants' answer (ECF No. 17) be stricken "[b]ecause the [entity d]efendants failed to retain counsel, despite the extended time to do so granted by the [c]ourt." (ECF No. 60 at 2). Judge Ferenbach specifically "ordered the three [entity d]efendants to retain counsel by February 11, 2019, and warned that '[f]ailure to comply with this order may result in a recommendation to the [d]istrict [j]udge for sanctions, including case-dispositive sanctions.'" *Id.* at 1 (quoting ECF No. 41). However, Judge Ferenbach held that Barreca's answer not be stricken because he is able to represent himself *pro se*. *Id.* at 2. Judge Ferenbach further recommends that striking the entity defendants' answer is appropriate pursuant to Local Rule 7-2(d). *Id.*

Because no party objected to the R&R, the court need not revisit Judge Ferenbach's decision. Nevertheless, this court conducted a *de novo* review to determine whether to adopt the recommendation. Upon reviewing the recommendation and attendant circumstances, this court finds good cause appears to adopt the magistrate judge's findings in full. Accordingly, the court grants plaintiffs' motion to strike, and strikes the answer (ECF No. 17) as to the entity defendants. (ECF No. 56).

In light of the foregoing, the court now considers plaintiffs' motion for entry of clerk's default. (ECF No. 62). Default judgment is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise." Fed. R. Civ. P. 55(a).

James C. Mahan
U.S. District Judge

- 3 -

Obtaining a default judgment is a two-step process:

> First, the party seeking a default judgment must file a motion for entry of default with the clerk of a district court by demonstrating that the opposing party has failed to answer or otherwise respond to the complaint, and, second, once the clerk has entered a default, the moving party may then seek entry of a default judgment against the defaulting party.

*See UMG Recordings, Inc. v. Stewart*, 461 F. Supp. 2d 837, 840 (S.D. Ill. 2006).

Because the entity defendants' answer is stricken, they have failed to timely plead or otherwise defend in this action. Consequently, plaintiff's motion for entry of clerk's default is granted.

*B. Barreca's motions to dismiss and for summary judgment*

While the court acknowledges that petitioner filed this action pro se, "[t]he right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Faretta v. Cal.*, 422 U.S. 806, 834 (1975); *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984) ("A pro se defendant is subject to the same rules of procedure and evidence as defendants who are represented by counsel."). Indeed, "*pro se* litigants in an ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

As an initial matter, the court notes that Barreca's motion to dismiss and motion for summary judgment may be stricken pursuant to LR IC 2-2(b), which provides that "[f]or each type of relief requested or purpose of the document, a separate document must be filed and a separate event must be selected for that document." LR IC 2-2(b). Both motions are identical documents, filed twice to circumvent LR IC 2-2(b)'s requirements. (*Compare* ECF No. 49, *with* ECF No. 50). To further compound Barreca's local rule violation, both motions also contain Barreca's "response to plaintiffs' reply regarding defendants' motion to stay" and his "statement of facts to support response to plaintiffs' declaration." (ECF Nos. 49 at 2, 9; 50 at 2, 9).

Rather than strike Barreca's motions for violating LR IC 2-2(b), the court finds it appropriate to deny both motions because Barreca failed to comply with Local Rule 7-2(d), which

provides that "[t]he failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion." LR 7-2(d).

Barreca's one-page motion of dismiss consists of four paragraphs. (ECF No. 49 at 3). The first and last paragraphs simply request dismissal of this action. *Id.* While Barreca's second and third paragraphs generally dispute plaintiffs' characterization of this action, he provides no grounds for this court to dismiss the instant action.

Barreca's motion for summary judgment is devoid of any cogent argument or citation to legal authority whatsoever. (*See* ECF No. 50 at 4–8). Instead, Barreca simply attaches his counterclaim. *Id.*

Because he failed to file a memorandum of points and authorities in support of either his motion to dismiss (ECF No. 49) or his motion for summary judgment (ECF No. 50), both motions are denied.

**IV. Conclusion**

The court adopts Judge Ferenbach's R&R and strikes the entity defendants' answer. Because the entity defendants' answer is stricken, the court grants plaintiffs' motion for entry of clerk's default against them. Barreca's motions are denied for failure to comply with LR 7-2(d).

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Barreca's motion to dismiss (ECF No. 49) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Barreca's motion for summary judgment (ECF No. 50) be, and the same hereby is, DENIED.

IT IS FURTHER ORDERED that Judge Ferenbach's R&R (ECF No. 60) be, and the same hereby is, ADOPTED in full.

IT IS FURTHER ORDERED that plaintiffs' motion to strike (ECF No. 56) be, and the same hereby is, GRANTED in part.

IT IS FURTHER ORDERED that defendants' answer (ECF No. 17) be, and the same hereby is, STRICKEN as to the entity defendants.

James C. Mahan
U.S. District Judge

IT IS FURTHER ORDERED that plaintiffs' motion for entry of clerk's default (ECF No. 62) be, and the same hereby is, GRANTED.

DATED February 26, 2020.

_____
UNITED STATES DISTRICT JUDGE

James C. Mahan
U.S. District Judge