JEFFREY F. BARR, ESQ
Nevada Bar No. 7269
ARMSTRONG TEASDALE LLP
3770 Howard Hughes Parkway, Suite 200
Las Vegas, Nevada 89169
Telephone: 702.678.5070
Facsimile: 702.878.9995
jbarr@atllp.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| SHELDON F. GOLDBERG, an Individual, BARBARA A. GOLDBERG, an Individual, and BENEFICIAL INNOVATIONS, INC. a Nevada Corporation,<br><br>Plaintiffs,<br><br>v.<br><br>JACK BARRECA, et al.,<br><br>Defendants. | Case No.: 2:17-CV-2106-JCM (VCF)<br><br>**DEFAULT JUDGMENT AGAINST ENTITY DEFENDANTS** |

This Court, having reviewed and considered Plaintiffs Sheldon F. Goldberg, Barbara A. Goldberg, and Beneficial Innovations, Inc., ("Plaintiffs") Application for Default Judgment (the "Application") Against Defendant International Beverage, Ltd., a Nevada Corporation; Defendant International Beverage Alliance, LLC, a Nevada Limited Liability Company; and Defendant International Beverage Alliance, LLC, a Colorado Limited Liability Company (collectively, the "Entity Defendants") and the supporting Declarations and Exhibits on file herein, along with the papers and pleadings already on file in this matter, pursuant to FRCP Rule 55(b), makes the following Findings of Fact, Conclusions of Law, and Order granting the Application.

**FINDINGS OF FACT**

1. On August 4, 2017, Plaintiffs filed the Complaint (ECF No. 1) and the Summons for the Complaint was filed on August 4, 2017. (ECF No. 3).

2. Then, on August 14, 2017, the First Amended Complaint was filed (ECF No. 9).

///

1

3. Certificate of Service being filed on August 15, 2017, Plaintiff filed the Certificate of Service (ECF No. 11) providing Entity Defendants were properly served with the First Amended Complaint (ECF No. 9).

4. The First Amended Complaint includes the following claims against Entity Defendants: Securities Fraud, Deceptive Trade Practices/Consumer Fraud, Common Law Fraud/Fraudulent Inducement/Intentional Misrepresentation, Conversion/Trespass to Chattels, Unjust Enrichment/Quantum Meruit, Constructive Trust, Injunctive Relief, Promissory Estoppel, Breach of Fiduciary Duty, Tortious Breach of the Implied Duty of Good Faith & Fair Dealing, Negligent Misrepresentation, Declaratory Judgment, Civil Conspiracy/Concert of Action, and Elder Abuse (ECF No. 9).

5. On August 28, 2017, Defendants filed an Answer and Counterclaim (ECF No. 17).

6. And on September 18, 2017, Plaintiffs filed its Answer to Counterclaim. (ECF No. 22).

7. On April 26, 2019, the Plaintiffs moved (ECF No. 56) to strike the Answer and Counterclaim (ECF No. 17) of Entity Defendants.

8. This motion to strike was based on the Entity Defendants' failure to procure licensed counsel as the law requires, and as directed by the Court, which had ordered (ECF No. 41) the Entity Defendants to retain counsel by February 11, 2019, and warned that failure to do so "may result in a recommendation to the District Judge for sanctions, including case-dispositive sanctions."

9. On August 6, 2019, Plaintiffs filed its Motion for Entry of Clerk's Default by Plaintiff (ECF No. 62).

10. In an order on February 26, 2020, the court granted Plaintiffs' Motion to Strike the Answer and Counterclaim (ECF No. 17) of Entity Defendants (ECF No. 63) and Granted Plaintiff's Motion for Entry of Clerk's Default (ECF No. 63).

11. The Entity Defendants' Answer and Counterclaim was stricken. (ECF No. 17).

12. On February 27, 2020, the Clerk entered Default as to the Entity Defendants (ECF. No. 64).

13. It appears that the Entity Defendants are not minors, nor are they incompetent persons, nor members of the military service of the United States.

**CONCLUSIONS OF LAW**

14. Before a plaintiff may seek a default judgment against a defendant, the clerk must enter the defendant's default under Federal Rule of Civil Procedure 55(a). *See Rockstar, Inc. v. Rap Star 360 LLC*, No. 2:10-CV_00179-LRH-RJJ, 2010 U.S. Dist. LEXIS 82968, * 3 (D. Nev. July 8, 2010) (citing *Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986)).

15. Plaintiffs satisfied this requirement because the Clerk entered Default as to the Entity Defendants on February 27, 2020 (ECF. No. 64).

16. After the clerk enters default, a party may seek entry of default judgment under Rule 55(b) which is in the Court's discretion. *See Rockstar*, 2010 U.S. Dist. LEXIS 82968 at * 3 (citing *Eitel*, 782 F.2d at 1471).

17. To determine whether to grant a default judgment the Court considers the following: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *See Rockstar*, 2010 U.S. Dist. LEXIS 82968 at * 3 (citing *Eitel*, 782 F.2d at 1471-72).

   a. A default judgment will help prevent prejudice against Plaintiffs because it is not apparent what assets, if any, the Entity Defendants have; the Defendants have appeared to be in financial dire straits since before this case was filed.

   b. Plaintiffs stated valid claims against the Entity Defendants in their First Amended Complaint (ECF No. 9).

   c. The amount of money sought by the Plaintiffs is not small, it is appropriate and proportionate to the seriousness of, and harm caused by, the Entity Defendants' conduct because Plaintiffs seek to recover money they paid to Entity Defendants, which Entity Defendants have wrongfully retained.

   d. Upon entry of default, all factual allegations of the complaint, except those pertaining to damages, are accepted as true, *see Geddes*, 559 F.2d at 560, and

therefore where, as here, the complaint's allegations are sufficient, "no genuine dispute of material fact would preclude granting default judgment." *Rockstar*, 2010 U.S. Dist. LEXIS 82968 at *8; *PepsiCo*, 238 F. Supp. 2d at 1177.

    e. The default did not result from excusable neglect and the Entity Defendants have offered no excuse for their repeated failure to obtain counsel as directed by the Court.

    f. Public policy favoring decisions on the merits should not prevent default judgment because failure to answer a "Plaintiff's complaint makes a decision on the merits impractical, if not impossible," and a default judgment is therefore proper where other *Eitel* factors support it. *Id.*

    g. Accordingly, entry of default judgment in favor of the Plaintiffs is supported.

18. To obtain a permanent injunction, Plaintiffs must establish: "(1) actual success on the merits; (2) a likelihood of irreparable injury . . . if injunctive relief is not granted; (3) a balance of hardship favoring the plaintiff; and (4) advancement of the public interest." *Rockstar*, 2010 U.S. Dist. LEXIS 82968 at *9 (citing *Winter v. Natural Res. Def. Council*, 555 U.S. 7 (2008)).

    a. The Plaintiffs established the necessary requirements to obtain a permanent injunction as they have established actual success on the merits of their claims set forth in the First Amended Complaint (ECF No. 9); the likelihood of irreparable injury if injunctive relief is not granted because the only potential available resources Defendant Entities have are any remaining margarita products; the balance of hardships favors the Plaintiffs and a permanent injunction advances the public interest because any remaining margarita product likely represents the only recoverable property available to Plaintiff, who, of course, paid to procure the product that is potentially facing dissipation, thus depriving Plaintiffs of any recovery.

19. FRCP 54(b) provides that "the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay."

20. The Plaintiffs established there is no just reason to delay in directing the entry of a final judgment pursuant to FRCP 54(b) as to the claims set forth in the First Amended Complaint (ECF No. 9).

21. None of the parties will suffer prejudice if a final judgment is entered with respect to the claims set forth in the First Amended Complaint (ECF No. 9).

22. A final and appealable order relating to claims set forth in the First Amended Complaint (ECF No. 9) and the order on the Application is warranted.

## ORDER AND DEFAULT JUDGMENT

ACCORDINGLY, and based on the foregoing, entry of Default Judgment against the Entity Defendants, jointly and severally, shall be entered in favor of Plaintiffs as follows:

**IS HEREBY ADJUDGED, ORDERED AND DECREED** that Plaintiffs' Application for Default Judgment is GRANTED in its entirety.

**IT IS FURTHER ORDERED** that the Plaintiffs are entitled to recover $149,618.96, jointly and severally, from the Entity Defendants.

**IT IS FURTHER ORDERED** that the monies awarded in favor of the Plaintiffs and against Entity Defendants, jointly and severally, shall continue to accrue post-judgment interest at the legal rate specified in 28 U.S.C. § 1961 until the Default Judgment is paid in full.

**IT IS FURTHER ORDERED** that the Plaintiffs are entitled to a permanent injunction against the Entity Defendants requiring them to preserve any margarita product, as set forth in Plaintiffs' Ninth Claim for Relief in the First Amended Complaint (ECF No. 9), pending further action by this Court.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

1     **IT IS FURTHER ORDERED** that 54(b) Certification is granted and that the Order and Default Judgment is certified as final and appealable orders pursuant to FRCP 54(b).

**IT IS SO ORDERED.**

Dated: April 29, 2021.

_____
UNITED STATES DISTRICT COURT JUDGE

Respectfully submitted by:

ARMSTRONG TEASDALE LLP

By: /s/ *Jeffrey F. Barr*
    JEFFREY F. BARR, ESQ
    Nevada Bar No. 7269
    ARMSTRONG TEASDALE LLP
    3770 Howard Hughes Parkway, Suite 200
    Las Vegas, NV 89169

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

Pursuant to Fed.R.Civ.P.5(b), and Section IV of District of Nevada Electronic Filing Procedures, I certify that I am an employee of ARMSTRONG TEASDALE LLP, and that the foregoing was served:

☒ via the U.S. Postal Service at Las Vegas, Nevada, in a sealed envelope, with first-class postage prepaid, on the date and to the address(es) shown below:

International Beverage LTD.
c/o Jack Barreca
6295 McLeod Drive #12
Las Vegas, NV 89120

International Beverage Alliance LLC (NV)
c/o Jack Barreca
6295 McLeod Drive #12
Las Vegas, NV 89120

International Beverage Alliance LLC (CO)
c/o Jack Barreca
6295 McLeod Drive #12
Las Vegas, NV 89120

Jack Barreca
6295 McLeod Drive #12
Las Vegas, NV 89120
*Pro Se Defendant*

Dated this 19th day of April, 2021.		/s/ *Allie Villarreal*
						An employee of Armstrong Teasdale LLP