UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SHELDON F. GOLDBERG, et al., | Case No. 2:17-CV-2106 JCM (VCF) |
| Plaintiff(s), | ORDER |
| v. | |
| JACK BARRECA, et al., | |
| Defendant(s). | |

Presently before the court is plaintiffs Sheldon F. Goldberg, Barbara A. Goldberg, and Beneficial Innovations, Inc.'s (collectively "plaintiffs") motion for attorneys' fees and costs. (ECF No. 80). Defendants International Beverage, LTD, International Beverage Alliance, LLC of Nevada, International Beverage Alliance, LLC of Colorado (collectively "entity defendants"), and Giacomo "Jack" Barreca ("Barreca") did not respond, and the time to do so has passed.

**I.    Background**

This is a consumer fraud case that began in August 2017 and partially concluded in May 2021 when this court granted default judgment against entity defendants.[1] (ECF No. 77).

Jeffrey F. Barr, originally of Ashcraft & Barr LLP,[2] was retained as plaintiffs' counsel in October 2017 and litigated this matter in dispositive motions through April 2021.

In January 2019, counsel for defendants withdrew from the case. (ECF No. 41). The court gave entity defendants until March 12, 2019, to retain new counsel and allowed non-

---

[1] The court notes that judgment has not been entered against defendant Barreca.

[2] In January 2020, Mr. Barr became a partner at the law firm of Armstrong Teasdale LLP, and this case came with him. (ECF No. 80-1 at 2 ¶ 7).

**James C. Mahan**
**U.S. District Judge**

entity defendant Barreca to proceed *pro se*. Entity defendants did not retain counsel by the court's deadline, leaving the corporate entity defendants unrepresented.[3] (ECF No. 60).

Because the entity defendants did not comply with the court's orders and remained unrepresented, on February 26, 2020, the court granted plaintiffs' motion to strike entity defendants' responsive pleadings. (ECF No. 63). In the same order, the court denied Barreca's *pro se* motions to dismiss the case. (*Id.*).

In February 2021, plaintiffs applied for default judgment against entity defendants, which the court granted on April 29, 2021. (ECF No. 76). The clerk entered default judgment the same day. (ECF No. 77).

Plaintiffs now move for an award of attorneys' fees in the amount of $75,078.50 and $1,521.57 in costs. (ECF No. 80 at 9).

## II.     Legal Standard

Under the "American rule," litigants generally must pay their own attorneys' fees in absence of a rule, statute, or contract authorizing such an award. *See Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280–81 (9th Cir. 1999). Nonetheless, the decision to award attorneys' fees is left to the sound discretion of the district court. *Flamingo Realty, Inc. v. Midwest Dev., Inc.*, 879 P.2d 69, 73 (Nev. 1994).

"In an action involving state law claims, we apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule." *MRO Commc'ns, Inc.*, 197 F.3d at 1282; *see also Alyeska Pipeline.*, 421 U.S. at 259 n.31. Under Nevada law, attorneys' fees are available only when "authorized by rule, statute, or contract." *Flaming Realty, Inc.*, 879 P.2d at 73; Nev. Rev. Stat. § 18.010.

---

[3] Although individuals may represent themselves pursuant to 28 U.S.C. § 1654, a corporation is not permitted to appear in federal court unless it is represented by counsel. *Rowland v. Calif. Men's Colony, Unit II Men's Advisory Council,* 506 U.S. 194, 202 (1993).

**James C. Mahan**
**U.S. District Judge**

- 2 -

Although state law governs whether a party is entitled to attorneys' fees, federal law dictates the procedure for requesting attorneys' fees. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); *see also MRO Commc'ns, Inc.*, 197 F.3d at 1280–81 (explaining that Fed. R. Civ. P. 54(d)(2) creates a procedure to request attorneys' fees, not a right to recover attorneys' fees).

III.  **Discussion**

Under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or *a motion for attorney's fees*, constitutes a consent to the granting of the motion." LR 7-2(d) (emphasis added). Neither the entity defendants nor defendant Barreca responded to plaintiffs' motion for attorneys' fees and costs. The court must now examine the merits of plaintiffs' request for fees without any opposition.

The Nevada Deceptive Trade Practices Act ("NDTPA") prohibits a variety of fraudulent, harassing, and malicious conduct. *See* Nev. Rev. Stat. § 598.0903, *et seq.* Nevada law expressly provides that conduct proscribed by the NDTPA is considered "consumer fraud." Nev. Rev. Stat. § 41.600(2). Prevailing parties on their consumer fraud claims may seek—and the court shall award—attorney fees. *Id.* § 41.600(3)(c).

A "prevailing party" to whom a court may award reasonable attorney fees under fee-shifting statutes, is "one who has been awarded some relief by the court." *Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Res.*, 532 U.S. 598 (2001). Here, plaintiffs were awarded default judgment as to entity defendants for consumer fraud, *inter alia*, (ECF No. 63), and are thus a prevailing party eligible for attorney fees.

Because plaintiffs are the prevailing parties, Nev. Rev. Stat. § 41.600 requires the court to award them reasonable attorney fees. "When calculating the amount of attorney fees to be awarded in litigation, the district court applies the lodestar method, multiplying the number of hours expended by a reasonable hourly rate." *Ryan v. Editions Ltd. W., Inc.*, 786 F.3d 754, 763 (9th Cir. 2015) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The

**James C. Mahan**
**U.S. District Judge**

- 3 -

reasonableness of the requested fee is then determined with reference to the twelve *Kerr* factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975).

A district court may reduce the amount of requested fees to reflect a party's limited degree of success, to account for block billing, or to deduct hours deemed excessive as long as it provides an adequate explanation for its fee calculation. *Ryan*, 786 F.3d at 763.

The controlling test for determining a reasonable hourly rate requires the rate to be "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 896 n.11 (1984); *Welch v. Metro. Life Ins. Co*., 480 F.3d 942, 946 (9th Cir. 2007).

The Ninth Circuit has stated that affidavits of the fee applicant's attorneys and other attorneys regarding prevailing fees in the community are satisfactory evidence of the prevailing market rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) (citing *United Steel Workers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990)) (internal quotation marks omitted). However, declarations of the fee applicant do not conclusively establish the prevailing market rate. *Id.*

For the Las Vegas market, this court has regularly awarded fees where the hourly rates at issue were between $250 and $400. *See, e.g., Hyundai Motor America, Inc. et al. v. Midwest Industrial Supply Company*, No. 2:17-cv-03010-JCM-GWF, 2020 WL 8182207 (D. Nev. Mar. 6, 2020) (finding hourly rates from $375 to $390 reasonable for trademark litigation); *Snow v. McDaniel*, No. 3:08-cv-00046-RCJ-VPC, 2014 WL 590489, at *1 (D. Nev. Feb. 14, 2014) (finding a $250 hourly rate reasonably within the context of a section 1988 inquiry); *Gibbs v.*

James C. Mahan
U.S. District Judge

- 4 -

*Rivers Transp. Group, Inc.*, No. 2:13-cv-00935-JAD-NJK, 2014 WL 204928, at *3 (D. Nev. Jan. 17, 2014) (finding a $250 hourly rate reasonable in Las Vegas); *Marrocco v. Hill*, 291 F.R.D. 586, 589 (D. Nev. 2013) (finding hourly rates between $375 and $400 reasonable in Las Vegas); *Conboy v. Wynn Las Vegas, LLC*, No. 2:11-cv-01649-JCM-CWH, 2012 WL 6100313, at *3 (D. Nev. Dec. 7, 2012) (finding a $350 hourly rate reasonable in Las Vegas); *Am. Gen. Life Ins. Co. v. Futrell*, No. 2:11-cv-00977-PMP-CWH 2012 WL 5497901, at *3 (D. Nev. Nov. 13, 2012) (finding hourly rates between $250 and $400 reasonable in Las Vegas).

In the instant case, plaintiffs incurred 291.6 hours of legal work at hourly rates from $150 to $325 for a total of $75,078.50. (ECF No. 80). Mr. Jeffrey F. Barr, lead counsel, charged a partner rate of $325.00 per hour; Mr. Lee I. Iglody, an associate, charged a rate of $300.00 per hour; Ms. Tiffany A. Kahler, an associate, charged a rate of $305.00–$325.00 per hour; and Ms. Michelle Harrell, a paralegal, charged a rate of $150.00–$200.00 per hour. (ECF No. 80 at 6). Plaintiffs' hourly rates are within the lodestar rate in the community.

Upon review of plaintiffs' motion, the billing records submitted by plaintiffs' counsel, and the supporting affidavit of Jeffrey F. Barr, the court finds that the firm's billing records for attorneys' fees are reasonable. The time and labor required for nearly four years of litigation surrounding this complex securities fraud and deceptive trade violations case (among other issues), including moving for a preliminary injunction/temporary restraining order, interlocutory appeal, engaging in discovery (including depositions), moving for partial summary judgment, and ultimately moving for default judgment, support the award of fees in full.

Plaintiffs also incurred $1,521.57 in expenses. (ECF No. 80 at 9). Upon review of the expense records submitted by plaintiffs' counsel, the court finds that the costs appear reasonable.

Therefore, plaintiffs' motion is GRANTED, and they are awarded their attorney fees and costs in full.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

1  **IV.   Conclusion**

2  Accordingly,

3  IT IS HEREBY ORDERED, ADJUDGED, and DECREED that, pursuant to Fed. R. Civ. P. 54(d), plaintiffs' motion for attorneys' fees and costs (ECF No. 80) be, and the same hereby is, GRANTED.

6  IT IS FURTHER ORDERED that the clerk of court shall enter judgment in favor of plaintiffs and against entity defendants for attorneys' fees in the amount of **$75,078.50** and costs in the amount of **$1,521.57**.

9  DATED March 30, 2022.

_____
UNITED STATES DISTRICT JUDGE